## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ALABAMA
*BIRMINGHAM DIVISION*

|  |  |
|---|---|
| **Demetria Spears**, | |
| Plaintiff, | Case No. |
| v. | |
| **Trident Asset Management**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

Demetria Spears (Plaintiff), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against Trident Asset Management (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Alabama.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Anniston, Alabama.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with national headquarters located at 5755 North Point Parkway, Alpharetta, Georgia 30022.

8. Defendant is a Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. The principal purpose of Defendant's business is debt collection.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant was contacting Plaintiff in its attempt to collect an alleged personal debt.

12. The alleged debt arose from transactions that were for personal, family or household purposes.

13. By way of background, Defendant began calling Plaintiff on her cellular telephone beginning in or around August 2016 regarding the alleged debt.

14. Defendant's calls continued through in or around August 2017.

15. During this time, Plaintiff repeatedly told Defendant to stop calling.

16. Despite these repeated requests, the calls continued.

17. Once Defendant was informed that its calls were unwanted and that Plaintiff wanted it to stop calling, its continued calls could have served no lawful purpose, and could only have been placed for the purpose of harassing Plaintiff.

18. In May 2017, Defendant also threatened that it would bring legal action against Plaintiff to collect the alleged debt.

19. Upon information and belief, Defendant did not intend to bring legal action and made this threat in order to coerce payment from Plaintiff.

20. Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure, especially when Defendant would contact Plaintiff while Plaintiff was in class.

21. Ultimately after Defendant ignored her repeated requests to stop calling, Plaintiff was forced to download an application to her cellular telephone and block Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25. Defendant violated §§ 1692d and 1692d(5) when it continued to place telephone calls to Plaintiff between December 2016 and August 2017 despite Plaintiff making it clear that she wanted the calls to stop.

## COUNT II
## DEFENDANT VIOLATED §§ 1692e, 1692e(5) AND 1692e(10) OF THE FDCPA

26. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

27. A debt collector violates § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

28. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. Defendant violated §§ 1692e, 1692e(5) and 1692e(10) when it threatened to take legal action against Plaintiff when it did not intend to take such action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Demetria Spears, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs, and other litigation costs, pursuant to 15 U.S.C. § 1692k(a)(3); and

   d.  Any other relief deemed appropriate by this Honorable Court.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Demetria Spears, demands a jury trial in this case.

                Respectfully submitted,

Dated: 12/18/17         By: *s/ Joseph C. Hoeffel*
                 Joseph C. Hoeffel, Esq.
                 Kimmel & Silverman, P.C.
                 30 East Butler Pike
                 Ambler, PA 19002
                 Phone: 215-540-8888
                 Facsimile: 877-788-2864
                 Email: jhoeffel@creditlaw.com