FILED
2018 Apr-23 PM 12:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **DEMETRIA SPEARS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO.** |
| v. | ) | **1:17-CV-2115-VEH** |
| | ) | |
| **TRIDENT ASSET MANAGEMENT,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## REPORT OF THE PARTIES' PLANNING MEETING

1.  Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a planning meeting on April 9, 2018. The participating counsel were as follows:

> Joseph C. Hoeffel for Plaintiff, Demetria Spears.
>
> R. Frank Springfield and Katherine E. West for Defendant, Trident Asset Management, L.L.C.
>
> **(a)  Plaintiff's brief narrative statement of the facts and the causes of action:**
>
> Plaintiff makes claims against the Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), and seeks fees, costs, and statutory and actual damages for Defendant's alleged violations pursuant to 15 U.S.C. § 1692, *et seq*.

31461284 v1

**(b) Defendant's brief narrative statement of the facts and defenses:**

Plaintiff asserts claims under the FDCPA. Plaintiff's claims arise out of alleged calls to Plaintiff's phone after an alleged oral request not to be called. Defendant is in the process of investigating Plaintiff's claims. Defendant denies that Plaintiff's claims have any merit and states that its actions were at all times in compliance with the FDCPA and state law.

2. **Pre-Discovery Disclosures.** The parties will exchange by **May 6, 2018** the information required by Federal Rule of Civil Procedure 26(a).[1]

3. **Discovery Plan.** The parties jointly propose to the Court the following discovery plan:[2]

    (a) Discovery will be needed on the following issues.

        (1) Plaintiff's claims and Defendant's defenses.

        (2) The facts and circumstances surrounding each and every affirmative defense of Defendant and documents relating thereto.

        (3) Plaintiff's alleged damages.

        (4) Any expert testimony identified by any party.

        (5) Plaintiff will need discovery including but not limited to the following subjects: all facts alleged in the complaint and defenses raised, including but not limited to Defendant's collection activities, Defendant's policies and procedures regarding the FDCPA, past claims and lawsuits, Defendant's investigation of Plaintiff's claims,

---

[1] All documents exchanged in this case will be exchanged in the .pdf format when practicable.

[2] Service of pleadings will be perfected upon filing of the pleading with the court's CM-ECF system with no party requiring service by U.S. Mail.

and Defendant's collection efforts and attempted collection efforts against Plaintiff.

(6) Among other subjects, Defendant anticipates discovery will be needed regarding all issues and damages as framed by the pleadings.

(b) <u>Discovery Plan</u>. In the event that the Court determines that the parties should proceed with discovery, the parties jointly propose the following discovery plan:[3]

(1) All discovery shall be commenced in time to be completed by **October 2, 2018**.

(2) A maximum of twenty-five (25) interrogatories by each party to the opposing party. (Responses due 30 days after service).

(3) A maximum of twenty-five (25) requests for production by each party to the opposing party. (Responses due 30 days after service).

(4) A maximum of thirty (30) requests for admission by each party to the opposing party. (Responses due 30 days after service).

(5) The maximum number of depositions (whether an oral examination or written questions) that may be taken by Plaintiff or by Defendant is seven (7).

(6) Reports from retained experts under Rule 26(a)(2) shall be due:

(i) From the Plaintiff by **July 11, 2018**; and

(ii) From the Defendant by **August 10, 2018**.

---

[3] The parties agree, to the extent possible, that service of discovery can be perfected by email and does not have to be followed by duplicative service through regular U.S. Mail. Further, service of pleadings will be perfected upon filing of the pleading with the court's CM-ECF system with no party requiring service by U.S. Mail.

31461284 v1                              3

(7) Supplementations under Rule 26(e) shall be due as required pursuant to Federal Rule of Civil Procedure 26.

(8) Disclosure of discovery of electronically stored information (ESI) should be handled as follows:

    (i) The production of ESI should be done in .pdf format when practicable.

    (ii) If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed which will enable other parties to assess the applicability of the privilege or protection.

    (iii) All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

4. **Other Items.**

(a) The parties do not request a conference with the court before entry of the scheduling order.

(b) The parties request a pre-trial conference on or about **December 10, 2018**.

(c) Plaintiff should be allowed until **July 11, 2018** to join additional parties and amend the pleadings.

(d) Defendants should be allowed until **August 10, 2018** to join additional parties and amend the pleadings.

(e) All potentially dispositive motions should be filed by **November 1, 2018**.

(f) Settlement of the case may be possible, but at this time alternative dispute resolution procedures do not appear to be necessary. If any of the parties believe the use of alternative

dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the court.

(g) Witness and Exhibit lists under Rule 26(a)(3) shall be due **30 days** prior to trial. The parties will have **14 days** after receipt of Witness and Exhibit Lists to list objectionps under Rule 26(a)(3).

(h) The case should be ready for trial by **January 30, 2019** and should take approximately two (2) days to try.

Dated this 23rd day of April, 2018.

| | |
|---|---|
| */s/ Joseph C. Hoeffel* | */s/ R. Frank Springfield* |
| Joseph C. Hoeffel | R. Frank Springfield (SPR024) |
| Kimmel & Silverman, P.C. | Katherine E. West (WES047) |
| 30 East Butler Pike | Burr & Forman, LLP |
| Ambler, PA 19002 | 420 North 20th Street, Suite 3400 |
| jhoeffel@creditlaw.com | Birmingham, Alabama 35203 |
| | Telephone: (205) 251-3000 |
| | Facsimile: (205) 458-5100 |
| | fspringf@burr.com |
| | kwest@burr.com |
| | *Attorneys for Defendant* |